UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KELLY and
LORI LYNN KELLY,                                          Case No. 1:06-CV-147

       Plaintiffs,                                     Hon. Richard Alan Enslen

v.

FREDERICK CASWELL and
JOHN DIEMS,
                                    **ORDER**
       Defendants.
                               /

       This matter is now before the Court on Defendants Frederick Caswell and John Dienes' Motion to Vacate Entry of Default pursuant to Federal Rule of Civil Procedure 55(c).[1] Plaintiffs have responded to the Motion to Vacate by filing a Motion for Declaratory Judgment asking the Court to find that service of process on Defendants was proper. The Court has liberally construed Plaintiffs' *pro se* Motion to be a response to the Motion to Vacate. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

       Under Federal Rule 55(c), "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). Plaintiffs' filed their Complaint on March 2, 2006. Three months later, the Court advised Plaintiffs' their Complaint risked dismissal because they had not effected service of process. (Dkt. No. 2.) On June 15, 2006, Defendant Caswell received the Complaint and summons. (Dkt. No. 3.) On June 22, 2006, Defendant Dienes received the same. No process has

---

       [1]The Court notes John Dienes is improperly named by Plaintiffs as "John Diems." The Court shall refer to him by his correct name.

been served upon the United States Attorney's Office, nor was the United States Attorney General served in this matter.

On September 7, 2006, after being threatened with dismissal again by the Court, Plaintiffs filed a Motion for Entry of Default against Defendants. (Dkt. Nos. 4 & 5.) On September 8, 2006 the default was entered. (Dkt. No. 6.) On September 14, 2006, Gerald C. Miller filed a notice of appearance and asserted Plaintiffs had failed to cause service of process to be made upon the United States. (Dkt. No. 7.) Counsel for Defendants further averred that such process was required because both Defendants, whom are employed as Internal Revenue Service ("IRS") Agents, were being sued by Plaintiffs for acts taken in their official capacity. (*Id.*) Four months have passed since the default was entered against Defendants. Plaintiffs never moved for a judgment to be entered against Defendants despite being instructed on October 13, 2006 by Order of this Court that they had 14 days to do so, nor have Plaintiffs served process upon the United States. (Dkt. No. 10.)

Defendants aver good cause exists under Rule 55(c) to set aside the default. Defendants argue that Federal Rule of Civil Procedure 4(i)(2)(B) outlines the correct procedure for service of process on an officer or employee of the United States, and because Plaintiffs failed to conform to that rule, Defendants were never properly served. Rule 4(i)(2)(B) states:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States–whether or not the officer or employee is sued also in an official capacity–is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule (e), (f), or (g).

FED. R. CIV. P. 4(i)(2)(B). As it is clear from Plaintiffs' Complaint that Defendants are being sued in connection with the performance of duties as IRS agents on behalf the United States, this Rule

clearly applies. Therefore, the United States must have been properly served under Rule 4(i)(1). Plaintiff never served the United States Attorney's Office for the Western District of Michigan, nor did they serve the United States Attorney General. Therefore service was not proper. Fed. R. Civ. P. 4(i)(1). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citations omitted).

Plaintiffs' argument that their intent to sue Defendants in their individual capacities exempts them from service under Rule 4(i)(1) and 4(i)(2) is clearly rebutted by the plain language of the Rules. Further, to the extent Plaintiffs argue the IRS is not a Government agency because Plaintiffs could not locate them in the telephone book, such an argument is frivolous. The IRS is a Government agency, and Defendants are therefore officers or employees of the United States as required by Rule 4(i)(2)(B). *See* I.R.C. § 7801. Accordingly, this Court must set-aside the default judgment against both Defendants where service of process was not proper and deny Plaintiffs' request for a declaratory judgment that service was proper.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Frederick Caswell and John Dienes' Motion to Vacate Entry of Default Judgment (Dkt. No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Default Judgment against Defendants (Dkt. No. 6) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiffs Paul Kelly and Lori Lynn Kelly's Motion for Declaratory Judgment (Dkt. No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Paul Kelly and Lori Lynn Kelly shall properly serve Defendants Frederick Caswell and John Dienes pursuant to Federal Rule of Civil Procedure 4(i)(2)(B) within thirty (30) days or risk dismissal for lack of prosecution.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
January 31, 2007  Richard Alan Enslen
  Senior United States District Judge